Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| CASITAS BLANCAS, LLC<br><br>Recurrido<br><br>V.<br><br>MARÍA EMPERATRIZ MORÁN LANTIGUA, **BLASINA MESA SÁNCHEZ,** FULANO DE TAL COMO POSIBLE HEREDERO DESCONOCIDO DE LA SUCESIÓN DE MARÍA EMPERATRIZ MORÁN LANTIGUA, Y OTROS<br><br>Peticionarios | KLCE202401051 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil núm.: BY2020CV01080 (503)<br><br>Sobre: Cobro de Dinero-Ordinario |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 1 de octubre de 2024.

Comparece ante este Tribunal de Apelaciones, la Sra. Blasina Mesa Sánchez (la señora Mesa Sánchez o la peticionaria) mediante el recurso de *Certiorari* de epígrafe solicitándonos que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (el TPI), el 13 de septiembre de 2024, notificada el mismo día. En el referido dictamen, el foro primario declaró *No Ha Lugar* a la *Moción urgente en solicitud de relevo de sentencia y en solicitud de desestimación de la demanda por no haberse emplazado a la demandada María Emperatriz Morán Lantigua,* presentada por la peticionaria.

Con el recurso se acompañó una *Solicitud de Autorización para Exceder el Número de Páginas Reglamentarias* y la *Moción Urgente Solicitando Paralización de los Procedimientos […].*

Por los fundamentos que detallamos a continuación, declaramos *Ha Lugar* a la solicitud de exceso de páginas; *No Ha Lugar* a la moción en auxilio de jurisdicción; y denegamos la expedición del recurso solicitado.

**I.**

En el caso de autos, Oriental Bank (el Banco) presentó una *Demanda* el **28 de febrero de 2020,** contra la Sra. María Emperatriz Morán Lantigua (señora Morán Lantigua) sobre Cobro de Dinero y Ejecución de Hipoteca por la vía ordinaria.[1] Ese mismo día, la Secretaría del TPI expidió el emplazamiento.[2]

El 7 de mayo de 2020, el Banco presentó una *Demanda Enmendada* para incluir como parte demandada a la señora Mesa Sánchez. Adujo que, según surgía de un estudio de título, la propiedad fue vendida por la señora Morán Lantigua a la señora Mesa Sánchez. El 11 de mayo siguiente, la Secretaría del TPI expidió el emplazamiento. El mismo fue diligenciado personalmente el 12 de agosto de 2020.[3]

El 22 de mayo de 2020, nuestro Tribunal Supremo emitió la *Resolución* EM-2020-12, mediante la cual decretó que todo emplazamiento cuyo término de 120 días venciera entre el 16 de marzo y el 30 de junio de 2020, dispondrá de un término adicional de 60 días para diligenciarse; a saber, hasta el 29 de agosto de 2020.

El **20 de agosto de 2020**, previo al vencimiento de los términos, el Banco presentó una solicitud de emplazamiento por edicto de la señora Morán Lantigua.[4] Alegó que los trámites para dar con su paradero habían resultado infructuosos. La moción fue acompañada con la *Declaración Jurada sobre Diligenciamiento Negativo,* juramentada por el Sr. Miguel Báez Torres, en la cual

---

[1] Véase, Anejo Núm. 1 del Apéndice del Recurso, a la pág. 1.
[2] Véase, Anejo Núm. 3 del Apéndice del Recurso, a las págs. 33-34.
[3] Véase, Anejo Núm. 7 del Apéndice del Recurso, a las págs. 41-45.
[4] Véase, Anejo Núm. 9 del Apéndice del Recurso, a las págs. 46-50.

detalla las gestiones realizadas para encontrar a la señora Morán Lantigua. Entra estas, especificó que se personó al cuartel de la Policía de Bayamón, a la Alcaldía y a la Oficina Postal del referido municipio. El **24 de agosto de 2020**, notificada el 4 de septiembre siguiente, el TPI emitió la orden autorizando el emplazamiento por edicto.[5]

El 4 de septiembre de 2020, la Secretaría del foro a *quo* expidió el emplazamiento por edicto. El 18 de septiembre de 2020, el Banco presentó una moción informativa alegando que el emplazamiento por edicto, de la señora Morán Lantigua, se publicó el 8 de septiembre de 2020 en el periódico El Vocero. Asimismo, acreditó haber enviado, ese mismo día, copia certificada de la demanda y del edicto a su última dirección conocida.

Luego de una serie de incidentes procesales, que no son necesarios pormenorizar, el 12 de enero de 2022, el Banco solicitó enmendar la demanda para incluir a los posibles herederos de la señora Morán Lantigua. Adujo que la señora Blasina Mesa informó sobre su posible deceso. En esa misma fecha, se expidió el emplazamiento por edicto para los posibles herederos de la señora Morán Lantigua.[6] El 9 de marzo de 2022, el Banco informó que, el 17 de enero de 2022, emplazó por edicto a dicha sucesión.

El 20 de junio de 2024, el TPI dictó una sentencia declarando "*CON LUGAR* demanda y *RESUELVE* que la parte demandada queda obligada al pago de la suma de $93,879.45 en principal, más los intereses al 6.750% anual desde el día 1 de septiembre de 2019; así como los intereses acumulados y por acumularse a partir de esa fecha, y hasta el total y completo repago de la deuda; cargos por demora equivalentes al 5.000% de todos aquellos pagos con atrasos en exceso de 15 días calendarios de la fecha de vencimiento hasta el

---

[5] Véase, Anejo Núm. 10 del Apéndice del Recurso, a las págs. 51-52.
[6] Véase, Anejos Núms. 45, 46, 47 del Apéndice del Recurso, a las págs. 263-269.

total y completo repago de la deuda; los créditos accesorios y adelantos hechos en virtud de la escritura de hipoteca; $12,780.00, para el pago de costas, gastos y honorarios de abogado (pactados en el pagaré)."[7]

La sentencia fue notificada a las partes el 24 de junio de 2024. Ese mismo día, fue notificada por edicto a los posibles herederos de la señora Morán Lantigua.[8]

El 30 de julio de 2024, el TPI dictó la orden de ejecución de sentencia.[9] El mandamiento se expidió el 7 de agosto de 2024.[10] La subasta fue señalada para los días 3, 10 y 17 de octubre de 2024.[11]

El 30 de agosto de 2024, la señora Mesa Sánchez presentó una moción intitulada *Moción urgente en solicitud de relevo de sentencia y de desestimación de la demanda por no haberse emplazado a la co-demandada Morán Lantigua conforme a derecho dentro del término provisto por nuestro ordenamiento jurídico*.[12] El 13 de septiembre de 2024, el TPI emitió una resolución declarando *No Ha Lugar* el petitorio.[13]

Inconforme, la señora Mesa Sánchez solicitó oportunamente la reconsideración.[14] La misma fue declarada *no ha lugar* mediante *Resolución* notificada el 19 de septiembre de 2024.[15]

Todavía en desacuerdo, la peticionaria acude ante esta *Curia* mediante el recurso de epígrafe imputándole al foro *a quo* haber cometido los siguientes errores:

> A- ERRÓ EL TRIBUNAL A *QUO* AL DECLARAR NO HA LUGAR NUESTRA MOCIÓN EN SOLICITUD DE RELEVO DE SENTENCIA Y NUESTRA SOLICITUD DE RECONSIDERACIÓN POR NO HABERSE EMPLAZADO CONFORME A DERECHO A LA CO-DEMANDADA MARÍA EMPERATRIZ MORÁN LANTIGUA DENTRO

---

[7] Véase, Anejo Núm. 107 del Apéndice del Recurso, a las págs. 477-481.
[8] *Íd.*, a la pág. 482.
[9] Véase, Anejo Núm. 112 del Apéndice del Recurso, a las págs. 505-507.
[10] Véase, Anejo Núm. 118 del Apéndice del Recurso, a las págs. 513-517.
[11] Véase, Anejo Núm. 128 del Apéndice del Recurso, a las págs. 569-595.
[12] Véase, Anejo Núm. 120 del Apéndice del Recurso, a las págs. 519-542.
[13] Véase, Anejo Núm. 126 del Apéndice del Recurso, a las págs. 555-556.
[14] Véase, Anejo Núm. 130 del Apéndice del Recurso, a las págs. 597-610.
[15] Véase, Anejo Núm. 134 del Apéndice del Apéndice del Recurso, a las págs. 621-622.

DEL TÉRMINO DE 120 DÍAS PROVISTO POR NUESTRO ORDENAMIENTO.

B- ERRÓ EL TRIBUNAL *A QUO* CUANDO DENEGÓ LA SOLICITUD DE LA PETICIONARIA PARA QUE SE DECLARARA NULO TODO EL PROCEDIMIENTO ANTE DICHO TRIBUNAL EN EL CASO PHALANX CAPITAL SERIES 20 REAL ESTATE, LLC, Y. MARÍA EMPERATRIZ MORÁN LANTIGUA, ET AL CIVIL NÚMERO: BY2O2OCVO1080, INCLUYENDO LA SENTENCIA Y TODOS LOS PROCEDIMIENTOS ULTERIORES, POR SER NULO EL EMPLAZAMIENTO POR EDICTO AUTORIZADO POR DICHO TRIBUNAL BASADA DICHA AUTORIZACIÓN EN UNA DECLARACIÓN JURADA DEFICIENTE, DÉBIL Y VAGA QUE INCUMPLE TOTALMENTE CON LAS DISPOSICIONES DE LA DOCTRINA.

En atención a la determinación arribada, resolvemos prescindir de trámite ulterior, según nos faculta la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5). Esta norma nos autoriza a prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante nuestra consideración, con el propósito de lograr su más justo y eficiente despacho.

Analizado el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders at al. v. BBVAPR*, 185 DPR 307, a las págs. 337-338 (2012); *García v. Padró*, 165 DPR 324, a las págs. 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, a las págs. 90-92 (2001). Todo recurso de *certiorari* presentado ante este tribunal intermedio debe ser examinado primeramente al palio de la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1. No obstante, y a pesar de que la Regla 52.1, *supra,* no lo contempla, el *certiorari* también es el recurso apropiado para solicitar la revisión de determinaciones post sentencia.

Para poder ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

Por otro lado, el ejercicio de las facultades de los tribunales de primera instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *Ramos v. Wal-Mart*, 165 DPR 510, 523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140, 154 (2000).

**III.**

En el recurso ante nuestra consideración la peticionaria planteó, a grandes rasgos, que el foro primario cometió un claro

error de derecho al denegar la solicitud de relevo de sentencia.

Analizado el dictamen recurrido, al palio de la Regla 40 de nuestro Reglamento, colegimos que no se encuentran presentes los criterios allí esbozados para su expedición. Luego de examinado el expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC), así como los planteamientos esbozados en el recurso, surge que no le asiste la razón.

Apuntalamos que las Reglas de Procedimiento Civil disponen que el emplazamiento será diligenciado en el término de ciento veinte (120) días, a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. Regla 4.3(C), *supra*, 31 LPRA Ap. V, R. 4.3(c). Asimismo, el emplazamiento por edicto procede cuando la persona a ser emplazada, estando en Puerto Rico, no pudo ser localizada después de realizadas las diligencias pertinentes, y así se compruebe a satisfacción del tribunal mediante una declaración jurada que exprese dichas diligencias. Regla 4.6(a), *supra*, 31 LPRA Ap. V, R. 4.6 (a). Por último, destacamos que, como reconoce la peticionaria en el recurso, en el caso de autos el periodo para realizar el emplazamiento fue extendido por el alto foro mediante la *Resolución* EM-2020-12.

En conclusión, ante la ausencia de perjuicio, parcialidad o error manifiesto, estamos impedidos de variar la determinación cuya revisión se solicita.

**IV.**

Por los fundamentos antes consignados, declaramos *Ha Lugar* a la solicitud de exceso de páginas; *No Ha Lugar* a la moción en auxilio de jurisdicción; y denegamos la expedición del recurso solicitado.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones